Dear Mr. Doguet:
On behalf of the Acadia Parish Police Jury, (the "Police Jury") you requested the opinion of this office concerning the proposed sale of $5,600,000 of Sales Tax Road Bonds, Series 1996 (the "1996 Bonds") of the Acadia Parish Sales Tax District (the "District").
You advised that the Bonds are proposed to be sold as second lien bonds, secured by and payable first and primarily from an irrevocable pledge and dedication of a portion of the avails of a one percent (1%) sales and use tax authorized by the electorate on April 16, 1988 (the "Tax"), which remains after (a) the prior payment of the reasonable and necessary costs and expenses of collecting and administering the Tax, (b) making all payments required by the Issuer's outstanding Public Improvement Refunding Bonds, Series ST-1988 (the "1988 Bonds") and Public Improvement Sales Tax Refunding Bonds, Series ST-1996 (the "Refunding Bonds"), (c) paying the principal and interest on all indebtedness of the Issuer incurred for solid waste purposes, and (d) paying all costs, but not less than $1,850,000 annually for constructing, acquiring, improving, maintaining and operating solid waste collection and disposal facilities for Acadia Parish, including the establishment and maintenance of an equipment reserve fund into which there shall be deposited $50,000 annually and the cost of maintaining an emergency clean-up fund of at least $100,000 (such remaining Tax proceeds are hereinafter referred to as "Excess Revenues of the Tax"). The 1996 Bonds are additionally secured by and payable from revenue derived from the imposition of rates and charges (required to be imposed by the Governing Authority of the Issuer under certain conditions described in the Resolution) for solid waste collection and disposal services rendered by the Issuer (the "User Fees").
Your specific question is the legality of the secondary or additional pledge of the User Fees the Police Jury is making in connection with the security for payments of the Bonds. You advised that presently, the Excess Revenues of the Tax are in excess of two (2) times the estimated debt service requirements on the 1996 Bonds, however, bond counsel to the District has advised that the additional pledge is desirable in order to obtain the best possible rating on the Bonds and thereby obtain the best possible interest cost for the purchase of the Bonds. The question which is raised is the ability of the Police Jury to contract and obligate itself and future Police Juries to impose rates and charges for solid waste collection and disposal services rendered by the District if made necessary due to a drastic decline in sales tax revenue or an unforeseen rise in the cost of collection and disposal of solid waste. The undersigned was verbally advised that the District is presently levying a User Fee on the commercial establishments in the District.
The bonds are being issued pursuant to the authority set forth in La. R.S. 39:698.1, et seq. pertaining to funding sales taxes into bonds and also La. R.S. 39:1421, et seq. which pertains to the securities of public entities. La. R.S. 39:1430 provides in pertinent part as follows:
 "A. Notwithstanding any provision of law to the contrary, public entities may issue revenue bonds for any authorized purpose payable out of the income, revenues, and receipts derived or to be derived from the properties and facilities owned, leased, mortgaged, or pledged to, maintained or operated by the public entity or received by the public entity from these properties and facilities, or from contracts or agreements relating to these properties and facilities, including but not limited to lease or sublease agreements, sale agreements, loan agreements, pledge agreements, or other financing agreements, between that public entity or any entity, or from any other sources whatsoever, including but not by way of limitation sales tax revenues, providing annual debt service is not in excess of seventy-five percent of the sales tax revenues estimated to be received in the calendar year the bonds are issued, other monies which, by law or contract, may be made available to the public entity . . ." (Emphasis added)
R.S. 39:1430 allows a dual pledge of both a sales tax and other monies which may be made available to the public entity as security for bonds. The Police Jury, as the governing authority of the District, has the statutory authorization to impose a User Fee, pursuant to R.S. 33:4169.1 (4). It is customary that revenue bonds include a covenant whereby the issuer of the bonds agrees that it will increase the fees, rates, rental, tolls, etc. which are the security for the debt if it becomes necessary in order for the issuer to meet the debt service requirements for the bonds.
We are unaware of any reason why the Police Jury could not, in this instance, agree that if the sales tax revenues become insufficient to pay the 1996 Bonds, the Police Jury shall impose a User Fee in an amount sufficient to pay the debt service on the 1996 Bonds.
Trusting the foregoing adequately responds to your request, we remain
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: _________________________ MARTHA S. HESS Assistant Attorney General
RPI/MSH/